## LLOYD BARBER v. THOMAS ROBINSON.

November 29, 1899.

Nos. 11,750—(72).

### Ejectment against Stranger to the Title—Proof of Good Faith.

In an action to recover possession of real property, between a plaintiff who obtains his title directly from the grantee in a deed first of record, but executed subsequently to one from the same grantor to another grantee, and who can make prima facie title without recourse to the deed last mentioned, and a defendant who is a stranger to the title, and does not claim under the senior grantee, it is not incumbent on the plaintiff to show that the junior grantee was a purchaser in good faith and for a valuable consideration, or to show himself to be such a purchaser. The burden of proof is on him who seeks to destroy the prima facie title.

### Adverse Possession of Part of Tract.

One who without color of title enters upon a tract of unoccupied real property, and takes visible, open, and notorious possession of a part thereof, cannot extend his possession so as to embrace the whole tract, merely by obtaining color of title thereto subsequent to his entry.

### Finding not Sustained by Evidence.

*Held*, that a finding of fact, to the effect that defendant and his predecessors had been in adverse possession of all of the land described in the complaint herein for more than 15 years immediately prior to the commencement of this action, is not sustained by the evidence.

Action of ejectment in the district court for Winona county. From a judgment in favor of defendant, entered pursuant to the findings of Snow, J., plaintiff appealed. Reversed.

*Brown & Abbott* and *Lloyd Barber*, for appellant.

Plaintiff had a right to rely on the first recorded deed, and was not required to examine the record further for another deed from the same grantor. Babcock v. Collins, 60 Minn. 73, 81; Shotwell v. Harrison, 22 Mich. 409, 420; O'Neal v. Boone, 82 Ill. 589, 604; Morse v. Curtis, 140 Mass. 112, 114. In a collateral proceeding the recital in the deed of consideration was prima facie evidence of its payment. Jackson v. M'Chesney, 7 Cow. 360; Page v. Waring, 76 N. Y. 463; Todd v. Eighmie, 4 App. Div. (N. Y.) 9; Shotwell v. Harrison,

78 M.—13

supra; Reynolds v. Vilas, 8 Wis. 227; Lampe v. Kennedy, 56 Wis. 249, 252. Defendant, having attacked plaintiff's title, must produce sufficient evidence to show that the deed to Chambers was void. Lampe v. Kennedy, supra; Bank of Farmington v. Ellis, 30 Minn. 270, 272; Shay v. Security Bank, 67 Minn. 287, 290; Wright v. Larson, 51 Minn. 321, 323; Hogan v. Atlantic E. Co., 66 Minn. 344, 348; Ryder v. Rush, 102 Ill. 338, 340; Anthony v. Wheeler, 130 Ill. 128; Hendrickson v. Woolley, 39 N. J. Eq. 307; Sheffey v. Bank of Lewisburg, 33 Fed. 315, 319; Parrish v. Mahany, 10 S. D. 276; Rigney v. Plaster, 88 Fed. 686, 690; Carson v. Bunker, 83 Iowa, 751.

Nevill's adverse possession could only be co-extensive with his occupancy. Coleman v. Northern P. R. Co., 36 Minn. 525; Sage v. Larson, 69 Minn. 122, 123. To enable defendant to hold more than was first inclosed by reason of Nevill having subsequently obtained color of title to lot 24 and the 80-acre tract, defendant must prove acts by some one equivalent to a new taking more than 15 years before this action. Pepper v. O'Dowd, 39 Wis. 538, 548; Furlong v. Garrett, 44 Wis. 111, 119. There was no privity between defendant and his predecessors with Nevill as to lot 24, and defendant can claim nothing from Nevill's occupation. Sherin v. Brackett, 36 Minn. 152; Witt v. St. Paul & N. P. Ry. Co., 38 Minn. 122, 129.

*D. E. Vance* and *Webber & Lees,* for respondent.

As against one claiming under a prior unrecorded deed, the burden rested on plaintiff to show good faith and payment of a valuable consideration. Roussain v. Patten, 46 Minn. 308; Mead v. Randall, 68 Minn. 233; Fritz v. Ramspott, 76 Minn. 489; Palmer v. Yorks, 77 Minn. 20. On principle the rule should apply in a case like this, though defendant does not claim under the prior unrecorded deed. Plaintiff must recover on the strength of his own title. A valid outstanding title in a third person superior to that of plaintiff defeats his right to recover, even though defendant cannot connect his title and possession with that of such third person. Newell, Eject. 652; 10 Am. & Eng. Enc. (2d Ed.) 481; Henderson v. Wanamaker, 49 U. S. App. 174; 2 Pomeroy, Eq. Jur. § 760. Recital of consideration is not evidence in plaintiff's favor. 2 Jones, Ev. § 476; Rose v. City, 119 Mass. 99. "Good faith" means

absence of notice.   Martin v. Brown, 4 Minn. 201 (282); Minor v. Willoughby & Powers, 3 Minn. 154 (225); Hersey v. Lambert, 50 Minn. 373.   Delivery of a deed is presumed to be on its date.   1 Devlin, Deeds, §§ 178, 265.

Entry under color of title and subsequent occupancy of part under claim of title to the whole raises a presumption that the occupant claims all to which he has color of title.   Murphy v. Doyle, 37 Minn. 113; Miesen v. Canfield, 64 Minn. 513.   The same rule should apply where entry under color of title is followed by conveyance to the claimant of land which includes that actually entered upon, when the land is a single tract of size to be managed and used in one body according to the custom of the country.   The claimant has the right to strengthen his adverse claim by obtaining color of title and defining the boundaries of his claim.   Dean v. Goddard, 55 Minn. 290, 296.   It is immaterial whether Nevill's tax title was valid.   Murphy v. Doyle, supra; Miesen v. Canfield, supra; Ricker v. Butler, 45 Minn. 545; 1 Am. & Eng. Enc. (2d Ed.) 852.   If land is used for the statutory period in the manner in which it is customary to use similar land, it is sufficient.   Swan v. Munch, 65 Minn. 500; Murphy v. Doyle, supra; Dean v. Goddard, supra; Costello v. Edson, 44 Minn. 135; Backus v. Burke, 63 Minn. 272, 279; Wood v. Springer, 45 Minn. 299; Webb v. Richardson, 42 Vt. 465, 473.

COLLINS, J.

Action of ejectment.   Plaintiff asserted title in fee in his complaint, and relied upon the patent title at the trial.   Defendant by his answer put plaintiff upon his proof of title, and also alleged actual, visible, notorious, and uninterrupted possession of the premises in himself and his predecessors under claim of title for more than 15 years prior to the commencement of the action.   The case was tried by the court without a jury, and upon the facts as found judgment was ordered for defendant.

The land in dispute comprises outlot 24, in the town site of Richmond, Winona county, and a government 80 adjoining the lot on the west, in all about 100 acres of wild and uncultivated land, partly covered with trees, and more suitable for pasturage than for tillage.

The first question is, did plaintiff show sufficient paper title to

enable him to recover possession in an action of ejectment? His claim was based upon a warranty deed duly recorded, but which was executed subsequently to another warranty deed from the same grantor, but not on record when the first-mentioned deed was recorded. The earlier deed was of record when the junior grantee deeded directly to plaintiff. And plaintiff made no attempt to show, except by the introduction of the record of the subsequently executed deed under which he claimed title, that the grantee therein named was a purchaser of the land in good faith or for a valuable consideration.

It is settled in this jurisdiction that, as between plaintiff and a party claiming title under the earlier deed in point of time of execution and delivery, but with the latter record, the burden would be upon plaintiff to show, by extrinsic evidence, both good faith on the part of the grantee named in the later deed or on his own part, and the payment of a valuable consideration. If this doctrine is applicable in an action of ejectment, when the defendant in possession is a stranger to the title complicated by the recording of two deeds from the same grantor, the last in the matter of execution and delivery being the first to be recorded, the plaintiff failed in his proof, and the court committed no error when ordering judgment for defendant.

The recording act (G. S. 1894, § 4180) provides that every conveyance of real estate, by deed, mortgage, or otherwise, shall be recorded in the office of the register of deeds for the proper county, and if not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof. It is the proper construction of this statute which casts upon a junior grantee the burden of proving, as against a senior grantee with an unrecorded deed, or a subsequently recorded deed, that he is a good-faith purchaser for a valuable consideration. There is no intimation in the statute that, as against a stranger to his title, the grantee in the deed last to be executed and delivered is obliged to show his good faith, or that he paid a valuable consideration. In fact, the operation of the act is in terms confined to those who have first obtained deeds of conveyance, but have failed to comply with the recording act, to the

actual injury of good-faith purchasers for a valuable consideration. Such is not this case.

The plaintiff herein established by the record a prima facie title to the premises, and this was sufficient to show his right to recover possession. The burden of proof was then upon defendant to over-throw the prima facie legal title shown to be in the plaintiff. In a contest like this, for the possession of real property, between one who obtains his deed direct from a junior grantee and can make a prima facie title to the premises without recourse to the older deed, and one who is a stranger to that title, and does not claim under the senior grantee, the onus is upon him who seeks to destroy such title. Lampe v. Kennedy, 56 Wis. 249, 14 N. E. 43. See also Mead v. Randall, 68 Minn. 233, 17 N. W. 31. A careful reading of Hender-son v. Wanamaker, 49 U. S. App. 174, 25 C. C. A. 181, will demon-strate that it is not in opposition to what is stated above. This rule in no manner infringes upon that other proposition, relied upon by defendant's counsel, that a plaintiff in ejectment must depend upon the strength of his own title rather than upon the weakness of that of his adversary; for plaintiff's title, as shown by the record, was good as against the whole world, except that when attempting to establish it as to one whose rights were based upon an earlier, but subsequently recorded, deed, the recording act, as construed by the courts, compelled the junior grantee to assume the burden of show-ing that he was a good-faith purchaser and for a valuable consider-ation. Therefore proof of the existence and record of the earlier deed, and of the record of the lis pendens, when plaintiff bought, was insufficient to overthrow the prima facie legal title established by him, and the trial court was in error when so holding.

This brings us to the finding of fact as to defendant's adverse pos-session. The court found, from the various facts and circumstances which had previously been detailed in the findings, that defendant and his predecessors in interest had been in open, visible, notorious, continuous, exclusive, and hostile possession of both tracts of land, and all thereof, for more than 15 years immediately prior to the commencement of the action under claim and assertion of right so to do, and the finding is attacked by the assignments of error.

From the testimony it appeared that a man named Nevill lived on

a town lot a few rods east of outlot 24, in the spring of 1881. He then took possession of a tract of land to which he had no color or claim of title, lying west of his dwelling, by causing a fence to be built inclosing the same. It is this act upon which defendant relies as the foundation of his claim of title by adverse possession. The man who built this fence was called as a witness at the trial, and testified as to where it was, and the distances on each side, as near as he could remember. If his recollection as to distances is to control, it would seem that the inclosure was all on lot 24, but he was also of the opinion that there were at least 40 acres fenced in. If the tract enclosed exceeded 20 acres, a part of the 80 must have been included. There was other testimony tending to show that there were 40 acres within the fence, and, taken all together, the proof was sufficient to warrant a finding that the inclosure was in part upon lot 24, and in part upon the 80-acre tract, and that it embraced at least 40 acres. The court found that the greater part of the lot and the northerly 45 acres of the 80 were inclosed, and one of the assignments of error reaches this finding. But, for reasons which will hereinafter appear, it is not essential for us to express an opinion as to the sufficiency of the evidence to support this finding as a whole.

As before stated, Nevill was nothing but a naked trespasser when he built this fence. He acquired no color of title to either tract of land until several months afterwards. He then obtained a tax title, or deed, to a larger body of land, which included the lot, and a quitclaim deed to the 80 from another person, who had previously secured a tax title or deed thereof. The court found that Nevill received these deeds as valid conveyances of the land, and thereafter claimed title to each tract in good faith, but, also, that no legal or valid title to either piece of land was in fact vested in him by virtue of these deeds. Nevill thereafter continued to use and occupy the land inclosed, for the purpose of pasturing his stock, until he sold and conveyed both pieces,—the 80 in 1885, and lot 24 in 1887. He also cut wood upon the 80, outside of the inclosure, in 1882 and 1883. At some time, just when was not shown, but after Nevill had parted with his claim to the premises, the fence was removed upon two sides, so as to embrace more land within the

inclosure.    It was shown that without interruption the pasture was used by the persons who, from time to time, succeeded to Nevill's rights and interests through deeds of conveyance, up to and including this defendant, whose claim of title and whose possession dates from the spring of 1897.    And in succession each of these persons claimed ownership of both tracts, cut wood on the land outside of that inclosed by the fence, and paid taxes from year to year.

We have no doubt but that title by adverse possession was established in defendant as to all of the land which Nevill fenced in the spring of 1881, for he then took actual possession in hostility to the true owner, and this has been maintained and asserted ever since by himself and his successors in interest.    But as to the balance of the land the claim that Nevill or his successors have used and occupied it, or have exercised visible and notorious acts of ownership over the same, is not justified by the proof.    In fact, the evidence falls far short of sustaining such a claim.    To support the finding of fact that for more than 15 years immediately prior to the bringing of this action the defendant and his predecessors in interest have had adverse possession to all of lot 24, and all of the 80-acre tract, and have thereby acquired title to both pieces, we should have to disregard the rule that, when an invader enters upon land, he is deemed to be in possession of nothing of which he is not in the actual occupation, and that subsequent adverse possession thereof is limited to the portion actually occupied, and nothing more.    And we then should have to hold that where such an invader, subsequent to his entry and actual occupancy of a part of a tract, obtains color of title to the whole thereof, a presumption is raised that he claims, and must be deemed to be in possession of, the entire tract.    We should also have to hold that in some way the act of obtaining color of title related back to the time of the entry, or that such entry could in some manner be brought forward, and connected with the color of title subsequently obtained.

The reason for the doctrine that when a man enters upon land claiming a right and title to the same under color of a conveyance, and acquires a seisin by his entry, his seisin will extend to the whole tract, there being no adverse actual possession in the way, is because an entry on part of the land is deemed to be an entry and an

ouster as to the whole. The entry and the possession are referred to the claim of title, and are co-extensive with the boundaries stated in the conveyance or other written instrument under which entry has been made. But when an entry is not under color of title there is no invasion or disseisin which notifies the true owner of a claim asserted by another person, or which gives him a right of action, except as to the land actually occupied. As between the owner and the invader, actual occupation of a part divides the possession which has theretofore been constructively in the former, so that as to the occupied land possession is in the latter. The true owner is not subsequently dispossessed and disseised by the obtaining of color of title to the whole tract by the adverse claimant. Possession of the whole cannot be drawn to the occupant of a part in that way. We are of the opinion that the finding in question was wholly unwarranted by the evidence. Reference to other assignments of error need not be made.

Judgment reversed, and a new trial ordered.