## NORA WALKER MCBURNEY ET AL. v. HIRAM KNOX.

### No. 3067.   Decided May 17, 1922.

### (241 S. W., 1000.)

**1.—Limitation—Possession of Part—Registered Deed.**

No secret agreement by an adverse claimant of land with a tenant, unaccompanied by open and visible acts on the premises, can transfer constructive possession of land from the owner to the adverse claimant. (P. 513).

**2.—Same.**

Actual possession of a part of a tract of land, taken under color of a conveyance, extends constructive possession thereby to the limits of the possessor's deed; but an entry not under color of a deed extends no further than the land in actual possession, and is not enlarged by taking conveyance subsequently to the whole tract with no change in visible acts of possession. (P. 514).

**3.—Same—Connecting Possession with Subsequent Deed—Case Stated.**

One holding no deed took possession of 15 acres out of a tract of 354. The owner of an undivided half interest in such land, who also had a recorded deed to the entire tract, agreed with the possessor of the 15 acres that the latter hold as his tenant for the whole tract. There was no change in the actual possession, which, embracing 15 acres only, continued for five years, with payment of taxes on the whole tract. Held that the constructive possession of the owner of the other half interest was not lost, and no title

beyond the 15 acres in actual possession was acquired under the five years statute of limitation. (Pp. 512-515).

4.—Cases Followed.

Houston Oil Co. v. Ainsworth, 228 S. W., 187; Titel v. Garland, 99 Texas, 206; Holland v. Nance, 102 Texas, 183; are approved and followed. (Pp. 513, 514).

Error to the Court of Civil Appeals for the Ninth District, in an appeal from Sabine County.

Nora Walker (McBurney) and others sued Knox for recovery of land. Defendant had judgment under his claim of title acquired under the Statute of limitation of five years. Plaintiffs appealed, and on affirmance (Walker v. Knox, 191 S. W., 730) obtained writ of error.

*John W. Minton, W. D. Gordon,* and *Henry G. Russell,* for plaintiffs in error.—To support the statute of limitation, there must be actual possession of the soil under a claim to same, and this possession must be open, notorious and visible. And possession of a part of the land through a tenant who openly claims a portion reduced to possession as his own and watches over the balance is clearly insufficient to mature title by limitation to the land. The record of a deed does not constitute possession of the land nor notice of possession, and adverse owners are not charged with notice of the fact that the deed is upon record or that any claim is made to the land in the absence of acts done on the soil sufficient in dignity to oust the constructive possession of the true owner and charge him with notice thereof. Holland v. Nance, 102 Texas, 177; Titel v. Garland, 99 Texas, 201; Houston Oil Co. v. Kimball, 114 S. W., 667; Bender v. Brooks, 103 Texas, 329; Mhoon v. Cain, 77 Texas, 318; Bracken v. Jones, 63 Texas, 184.

*Mantooth & Collins* and *W. F. Goodrich,* for defendant in error.—The deed from J. H. Derrough to W. H. Knox, describing the whole tract of land by metes and bounds, by warranty deed, and duly registered, and Knox's entry thereon claiming title to the whole tract operated as an actual ouster and disseisin of the co-tenant, Harriet A. Jennings and her heirs. Olsen v. Greele, 190 S. W., 240; Robles v. Robles, 154 S. W., 230; Carr v. Alexander, 149 S. W., 219.

The Court of Civil Appeals did not err in failing to apply the rule of law applicable to the encroachment of an adjoining land owner in possession of his own improved land as announced in the case of Holland v. Nance, 102 Texas, 177, and Titel v. Garland, 99 Texas, 201, by holding that plaintiffs in error were charged with notice of Knox's adverse claim and possession so far as to sustain the five years' possession, because the instruments in defendant's chain of title from the sovereignty of the soil to W. H. Knox gave Knox color of

title to the whole of the tract of land and his entry thereon claiming title to the whole operated an actual ouster and disseisen of the co-tenants, (plaintiffs in error) such instruments constituting actual and constructive notice to co-tenants of the repudiation of Knox's co-tenancy and his possession. Hanks v. Houston Oil Co., 173 S. W., 635; Trosser v. Houston Oil Co., 161 S. W., 20; Walker v. Knox, 191 S. W., 730; Word v. Colley, 173, S. W., 629-634.

The lease contract by Garlington to W. H. Knox dated July 4th, 1910, is a lease to the whole of the survey therein mentioned and not restricted to the land covered by the improvements, being twenty-six acres, more or less. Hanks v. Houston Oil Company, 173 S. W., 635; Walker v. Knox, 191 S. W., 730; Frasier v. Houston Oil Company, 161 S. W., 20; Word v. Colley, 173 S. W., 629, 634.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was an action, brought by plaintiffs in error against defendant in error, to recover an undivided ½ interest in 354 acres of land in Sabine County.

Defendant in error sought to defeat the title of plaintiffs in error by showing that he held a superior title, which had been acquired under the five years statute of limitations.

The practically undisputed facts disclosed that one Garlington entered on the 354 acres about 1896, clearing and fencing about 15 acres during that year; that Garlington claimed only the land within his enclosure from 1896 to 1905; that William Knox owned an undivided one-half interest in the 354 acres and held a duly recorded deed to the entire 354 acres; that Garlington agreed with William Knox in 1905 to hold possession of the 354 acres as Knox's tenant, it being understood that Knox would convey to Garlington the land he had improved; that thereafter, for more than five years, William Knox claimed the entire 354 acres, paid all taxes thereon, as they became due, and, through his tenant, Garlington, had actual possession of that portion of the 354 acres which had theretofore been improved by Garlington. Prior to the institution of this suit defendant in error acquired the interest and claim of William Knox in and to the 354 acres of land.

The District Court rendered judgment for defendant in error on his plea of limitation of five years and the judgment was affirmed by the Court of Civil Appeals. 191 S. W., 730. The writ of error was granted with the notation that the decision of the Court of Civil Appeals conflicted with that of this court in Holland v. Nance, 102 Texas, 183.

It is our conclusion that there was no actual and visible appropriation of the 354 acres of land, save the enclosed portion, commenced and continued under a claim of right hostile to the title of plaintiffs

in error, as was requisite to mature title by limitation. Article 5681 R. S.

From 1896 to 1905, Garlington had actual possession of only the land within his enclosure. No part of the remainder of the 354 acres was in his constructive possession. Had he been claiming other land, which, with that enclosed, did not exceed one hundred and sixty acres, his constructive possession, under article 5676, would have embraced same. In the absence of claim by Garlington to the portion of the 354 acres without his enclosure, the owners continued in their undisturbed constructive possession thereof. Houston Oil Co. v. Ainsworth, 228 S. W., 187. The transactions of 1905 and thereafter did not deprive plaintiffs in error of their constructive possession of one-half the unenclosed portion of the 354 acres. There was nothing on the ground to charge the owners with notice of a more extended claim than that under which Garlington had made his original entry. The owner does not begin to be affected by a hostile claimant's deed duly recorded, together with payment of taxes, through operation of the five years statute of limitations, unless or until accompanied by adverse possession. It is possession, such as is required by the statute, which puts the owner on inquiry which should result in knowledge of the extent of the possessor's claim of right. No secret agreement by an adverse claimant with a tenant, unaccompanied by open and visible acts on the premises, can transfer constructive possession of land from the owner to the adverse claimant. Title is perfected by limitation to no land not within the limitation claimant's actual or constructive possession. Plaintiffs in error not having lost their constructive possession of half of the unenclosed land did not lose, by limitation, their superior title thereto.

As clearly stated by the Supreme Court of Minnesota: "The reason for the doctrine that when a man enters upon land claiming a right and title to the same under color of a conveyance, and acquires a seisin by his entry, his seisin will extend to the whole tract, there being no adverse actual possession in the way, is because an entry on part of the land is deemed to be entry and an ouster as to the whole. The entry and the possession are referred to the claim of title, and are co-extensive with the boundaries stated in the conveyance or other written instrument under which entry has been made. But when an entry is not under color of title there is no invasion or disseisin which notifies the true owner of a claim asserted by another person, or which gives him a right of action, except as to the land actually occupied. As between the owner and the invader, actual possession of a part divides the possession which had theretofore been constructively in the former, so that as to the occupied land possession is in the latter. The true owner is not subsequently dispossessed and disseised by the obtaining of color of

111 Tex.—33

title to the whole tract by the adverse claimant. Possession of the whole cannot be drawn to the occupant of a part in that way." Barber v. Robinson, 78 Minn., 199, 200, 80 N. W., 968.

The previous possession of Garlington can certainly be of no more avail to William Knox, in acquiring a title by limitation, superior to that of plaintiffs in error, than if Knox himself, without color of title, had been in possession of the enclosed land, prior to the date of the tenancy contract, with his claim restricted to the land within the enclosure. This conclusion is compelled by the obvious consideration that in both cases exactly the same facts, so far as concerns the actual possession, cultivation, use, or enjoyment of the premises, must be relied on to give notice of the more extended claim. Such facts cannot be regarded as amounting to an open and visible appropriation of the land in the one case unless amounting to such appropriation in the other. That Knox, having been in possession without color of title, under a claim restricted to the enclosed land, could not extend his possession so as to include the 354 acres, by continuing to occupy only the enclosed land, though under recorded deed and claim to the entire 354 acres, is definitely determined by the decisions in the cases of Titel v. Garland, 99 Texas, 206, 87 S. W., 1152, and Holland v. Nance, 102 Texas, 183, 114 S. W., 346.

As recited in the opinion in Titel v. Garland, supra, Titel had claimed and held actual possession for three years of 12 acres out of a tract of 640 acres owned by Garland. Titel then changed his claim to 160 acres of the 640 acres, including the 12 acres, and thereafter occupied and used the 12 acres as before, while claiming the 160 acres. Holding that he acquired no title to the 160 acres, Chief Justice Gaines declares: "It would seem that when one purposes to hold the land of another, which he has neither occupied nor enclosed, by virtue of the statute of limitations, it should appear that he has exercised some acts of ownership over some definite part thereof calculated to apprise the owner that he is asserting a claim of right thereto and the extent of that claim." 99 Texas, 206.

In Holland v. Nance, supra, it was contended in behalf of Nance, the claimant by limitation, that while he took actual possession of only 1½ acres, beyond which he originally made no claim, yet he acquired constructive possession of a larger tract, including the 1½ acres, when he recorded a deed to the larger tract and began to openly and notoriously claim same, notwithstanding his actual possession continued confined to the 1½ acres. Rejecting this contention, the court said: "The possession of Nance prior to the recording of the deed did not extend beyond his fence, and it is difficult to see how the recording of his deed would enlarge his possession. The record of a deed does not constitute possession of the land, and, in fact, is not notice of possession. When a party has actual possession of a portion of a tract of land and has a deed for it upon record, that record

is notice to all those who claim in opposition to him as to the character of his claim and the extent of it, but without possession adverse owners are not charged with notice of the fact that the deed is upon record or that any claim is made to the land. Before Nance procured the deed and placed it upon record, his possession meant to the true owner of the Latham survey that Nance was claiming nothing beyond his fence. After the recording of the deed the possession was the same and gave no notice of a greater claim. . . . Nance did no act which would notify the owners of the Latham survey that he had changed his mind and was claiming the entire tract. The action against Nance was not barred." 102 Texas, 183.

The Supreme Court expressly approved the holding of the Commission of Appeals in Houston Oil Co. of Texas v. Holland, 222 S. W., 546, that a purchaser from a claimant in actual possession of a tract of 5½ acres of land could not extend his claim to 160 acres, so as to perfect title by limitation to the 160 acres, without such acts on the ground as would notify the owner of the enlarged claim.

Plaintiffs in error could, with full knowledge of Garlington's entry and claim, have elected not to sue, without prejudice to their title to the unenclosed land. It would be an unjust and oppressive rule which would require them to sue, in order to protect their title to the unenclosed land, so long as the most careful inspection of the ground would have given them no reason to suspect that their title to any land not under enclosure was in anywise challenged. There was no evidence of title by limitation to the unenclosed land.

Being without proper data to segregate the unenclosed from the enclosed land, final judgment will not be rendered here, but, it is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed, and that the case be remanded for a new trial in the District Court.

*Reversed and remanded.*