**McBURNEY et al. v. KNOX. (No. 667–4178.)**

(Commission of Appeals of Texas, Section A. June 24, 1925.)

**1. Tenancy in common ☞15(4)—Possession of land held sufficient to perfect title under five and ten year statutes if adverse.**

Continuous possession, use, and occupancy of land by tenants of claimants' predecessors for nearly 20 years *held* sufficient to perfect title under five and ten year statutes, if possession was adverse to owner of undivided interest.

**2. Adverse possession ☞81—Tenancy in common ☞14—Third person taking possession under deed from one cotenant and claiming whole premises may perfect limitation title.**

Where one tenant in common executes deed purporting to convey entire premises to third person, who enters into possession thereof, claiming title to whole, it constitutes disseizin of cotenants, and after expiration of statutory period will bar their right to recover.

**3. Adverse possession ☞85(1)—One entering land presumed to enter under title and interest his deed purports to convey.**

One who enters on land is presumed to enter under title which his deed purports on its face to convey both as respects extent of land and nature of interest.

**4. Adverse possession ☞81—Entry of land under deed held adverse.**

Where son conveyed whole tract of land to stepfather, and by indorsement on deed his mother attempted to convey her interest, and subsequently husband and wife attempted to convey land, but certificate of acknowledgment of wife was defective, entry on land by grantee under his deed *held* such ouster of heirs of wife as to make possession held thereafter adverse as to them.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Trespass to try title by Nora Walker McBurney and others against Hiram Knox. Judgment for defendant was affirmed by the Court of Civil Appeals (259 S. W. 667), and plaintiffs bring error. Affirmed.

W. D. Gordon, of Beaumont, and Jno. W. Minton, of Hemphill, for plaintiffs in error.

Chester B. Collins, of Lufkin, for defendant in error.

GERMAN, P. J. This case has been once before the Supreme Court. At that time it was reversed and remanded for another trial. 111 Tex. 510, 241 S. W. 1000.

The land in controversy is an undivided interest of 177 acres in 354½ acres of the William Isaacks survey in Sabine county, Tex. The title to this 354½ acres was formerly in William A. Donaho and wife, Harriett A. Donaho. William A. Donaho died, leaving one child, T. J. Donaho. By a general warranty deed dated March 15, 1871, T. J. Donaho conveyed to R. J. Jennings the entire 354½ acres. At that time Harriett A. Donaho was married to R. J. Jennings, to whom T. J. Donaho made his deed. On May 10, 1871, by indorsement on the deed from T. J. Donaho to R. J. Jennings, Mrs. Jennings undertook to convey her interest in this land to her husband. There was no joinder in her husband in the conveyance, and the acknowledgment was also defective; so this attempted conveyance was null and void. Graham v. Stuve, 76 Tex. 533, 13 S. W. 381. By general warranty deed of date May 10, 1871, for a recited consideration of $450, R. J. Jennings and wife, Harriett A. Jennings, undertook to convey this 354½ acres of land to John H. Derrough. It was found by the trial court, and is in effect admitted by all parties, that the certificate of acknowledg-

ment to this deed as to Mrs. Jennings is so defective as to make the deed void, so far as she is concerned. This being true, there passed to Derrough only an undivided one-half interest in this 354½ acres, the other one-half interest remaining in Harriett A. Jennings.

The trial court found as a fact that Harriett A. Jennings died prior to her son T. J. Donaho, leaving the said T. J. Donaho as one of her heirs and two children by R. J. Jennings as her other heirs. Under this finding the court concluded as a matter of law, and rightly so, that T. J. Donaho inherited from his mother, Harriett A. Jennings, an undivided one-third interest in her one-half of this land; and that by reason of his general warranty deed to R. J. Jennings conveying the entire 354½ acres this one-sixth interest passed to Jennings and those holding under him. This finding of the court has not in any way been brought into question, and we therefore hold that this one-sixth undivided interest is vested in defendant in error herein, Hiram Knox.

Nora Walker McBurney and others, who brought this suit as plaintiffs, are heirs of Harriett A. Jennings, and according to the findings made by the trial court were entitled by inheritance to the remaining two-thirds of her one-half interest. However, there is a special finding that on April 28, 1902, these plaintiffs gave to one D. B. Chapin a power of attorney, coupled with a one-half interest, and that there was such performance of services contracted for that Chapin became vested with title to one-half of the interest of these parties, which amounted to an interest of one-sixth in the whole tract. There is a further finding that this one-sixth interest was recovered by W. D. Gordon in a suit against D. B. Chapin, and that this interest is outstanding in said Gordon. It appears that for this reason, as well as because of the limitation plea of defendant in error, plaintiffs were denied a recovery as to this one-sixth interest.

[1] This finding and conclusion by the trial court has not been in any manner attacked or appealed from, and we therefore hold that the judgment of the trial court, so far as denying plaintiffs a recovery as to this interest, on account of outstanding title, is correct. As we shall also see, as to plaintiffs we think the plea of limitations was good and should be sustained as to the entire one-half interest. We will briefly discuss that question, but the findings of fact made by the trial court, which have not been attacked and which appear to be supported by the evidence, in the light of the well-established law of this state, settle the question without the necessity of discussion.

Among other things, the trial court found that during the month of February, 1895, J. H. Derrough contracted with W. H. Garlington to take possession of the entire 354½

acres of land, of which the land in controversy is an undivided part; that during said month Garlington, as the tenant of Derrough, entered upon and took possession of the whole 354½ acres, and began opening up a field thereon; that a part of same was put in cultivation, and the field was enlarged, until by the year 1897 the field contained about 12 acres; that the use and cultivation of this field was continuous, open, and adverse for each and every year until the summer of 1905, that is for a full period of more than 10 years.

It was further found that by general warranty deed dated May 19, 1900, Derrough conveyed the entire 354½ acres to W. H. Knox, which deed was filed for record January 8, 1901. Defendant in error Hiram Knox held under this deed at the time of trial. It was agreed that beginning with and including the year 1900, W. H. Knox and Hiram Knox had paid the taxes on the 354½ acres each and every year, as they fell due, up to the date of trial. In the summer of 1905 Knox and Garlington entered into another agreement, by the terms of which Garlington was to remain in possession of the whole tract of land as Knox's tenant for an indefinite period of time. This agreement was reduced to writing September 28, 1910. After the new agreement in 1905, Garlington began to enlarge the field on this tract of land, and by the close of the year 1907 the field had been about doubled in size, and contained about 25 acres, which was inclosed and in cultivation. Garlington, as the tenant of Knox, continued to use and cultivate this field each and every year up to the time of the filing of the suit January 9, 1914. About the year 1906 Garlington, with the consent of Knox, made several thousand crossties on the land and removed them therefrom. He also generally looked after the land and timber for Knox and prevented others from trespassing thereon.

It will be seen, then, that there was a continuous possession, use, and occupancy of this tract of land by Derrough and Knox, under their tenant Garlington, for nearly 20 years; such possession being amply sufficient to perfect title under the five and ten year statutes, if, in contemplation of law, such possession was adverse to plaintiffs.

In oral argument it was suggested that this field upon the 354½ acres of land had been incorporated into and made a part of a larger inclosure, including Garlington's residence and improvements, situated upon an adjoining tract of land; and therefore the situation was such that the possession of this field would be referable to the main possession of Garlington, and would not be sufficient to convey notice of adverse claim. The trial court found that Garlington's entry upon this land was not made by the extension of any field, inclosure, or clearing of any character from any adjacent or continuous

tract of land. At the time of the entry Garlington did not live near the land. There is also a finding that after the year 1897, at which time the field contained about 12 acres, there was no enlargement of the improvements until after the new agreement made with Knox in the summer of 1905. We have read the entire statement of facts and cannot find any statement as to when this field on the 354½ acres was included in the inclosure with improvements on the adjoining tract, if it ever was. We find, however, that plaintiffs' witness J. A. J. Mitchell testified:

"That field never did connect with any other field afterwards. It is still there, separate from the surrounding improvements. It is still there separate from the others, and on the Knox tract."

We think the evidence and findings by the trial court justify the conclusion that plaintiffs' contention upon this point is without merit.

In the light of the evidence there is but one question of law. The situation is entirely different from what it was when the case was before the Supreme Court the other time. Then there was no proof that Garlington was the tenant of Derrough or of any one prior to 1905, and by his own statements his possession was confined to the land actually inclosed by him on the Knox tract. This time his entry was fully explained, and his possession was shown to be as tenant of Derrough and of the entire tract.

[2] The question of law is this: Was there such ouster on the part of Derrough of his cotenants, or such repudiation of the relation between them as tenants in common, as would enable him or his grantee Knox to claim the benefit of the statutes of limitation as to the entire tract of land?

We think this question must be answered in the affirmative. It is a familiar rule in this state that where one tenant in common executes a deed purporting to convey the entire premises to a third person, who enters into possession thereof, claiming title to the whole, this will constitute a disseizin of the cotenants and after the expiration of the statutory period will bar the right of the cotenants to recover. Authorities upon this proposition will be found in opinion of the Court of Civil Appeals, 259 S. W. 674.

[3] Looking then to the deed of May 10, 1871, under which Derrough held, we see that while it was ineffectual to convey the interest of Mrs. Jennings, yet on its face it purported to convey the entire 354½ acres. T. J. Donaho had conveyed the whole tract to R. J. Jennings, and Mrs. Jennings had attempted to also convey her interest to him. The parties apparently made a bona fide attempt to convey the entire tract to Derrough, and we think it obvious that his taking pos-

session would give notice that he was attempting to hold the entire tract, and not merely an undivided one-half interest therein. It has been appropriately said:

"In considering this question we must bear in mind the familiar principle that when one enters upon land he is presumed to enter under the title which his deed purports upon its face to convey, both as respects the extent of the land and the nature of the interest."

See 7 R. C. L. p. 855, and cases cited.

[4] We are of opinion that the entry of Derrough in 1895 under his deed was such ouster of plaintiffs as to make the possession held thereafter adverse, and that defendant in error showed good title under his plea of limitations as against plaintiffs to the 177 acres undivided interest sued for, and plaintiffs were not entitled to recover.

We therefore recommend that the judgment of the Court of Civil Appeals and of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.