### COLLINS *v.* BLUFF CITY LUMBER COMPANY.

#### Opinion delivered May 11, 1908.

1. DEEDS—CONVEYANCE OF TIMBER AS NOTICE.—A deed conveying timber, when recorded, is constructive notice, to all persons holding under the same chain of title, of the grantee's right to the timber. (Page 205.)

2. ADVERSE POSSESSION—PRESUMPTION.—Where growing timber was conveyed to A, and subsequently the land was conveyed to B, who had record notice of A's title, B's possession of the land will, in the absence of a contrary showing, be presumed to be in subordination to A's right to the timber. (Page 205.)

Appeal from Grant Chancery Court; *Alphonso Curl,* Chancellor; affirmed.

*E. H. Vance,* for appellants.

Proof of continuous adverse possession of the land and timber for over seven years, under the claim of title, paying taxes thereon and exercising other rights of ownership of same, establishes adverse possession in this case, and the finding and decree should have been for appellants. 71 Ark. 273; Kirby's Digest, § 5056; 75 Ark. 395; *Id.* 514; 97 S. W. 447; 76 Ark. 25.

*W. D. Brouse,* for appellee.

The deeds to appellee, and its deeds reserving the timber, were all executed and on record before appellants had title to any of the lands. This was notice to appellants by which they were bound. Not only have they not discharged the burden resting upon them to show adverse possession, but their possession of the lands was not adverse to appellee's right to the timber, and this right could be exercised within the specified or a reasonable time. 43 Ark. 464; 29 Ark. 650; 37 Ark. 571; 50 Ark. 532; 75 Ark. 395; *Id.* 715; Tiedeman on Real Property, § 10; 73 Ark. 329; 69 Ark. 442; 28 Am. & Eng. Enc. of Law (2 Ed.), 542, 543; 1 *Id.* (2 Ed.), 875, 889, 789; 1 Cyc. 981, 984; Kirby's Digest, § 762; Martindale on Conveyancing (2 Ed.), §§ 74, 277.

BATTLE, J. On the 29th day of September, 1906, the Bluff City Lumber Company, claiming to be the owner of the merchantable timber growing on certain lands described in its complaint, brought suit in the Grant Chancery Court against A. D.

Collins and J. S. Collins to restrain them from interfering with or molesting it in the cutting of the same. It alleged that it had a limited time in which to cut the timber, and was cutting it when the defendants forcibly interfered and prevented it from continuing to cut, and that it can not do so without the use of force.

A temporary restraining order was granted by the chancellor as asked.

The defendants jointly answered, and denied that plaintiff was the owner of the timber, and alleged that they were the owners of nearly all of the lands upon which the timber was growing and the owners of the timber; and alleged that they and their grantors had held seven years' peaceable possession thereof before the commencement of this suit.

After hearing the evidence the court found and decreed as follows:

"1. That on and prior to December 15, 1896, the plaintiff was the owner of the following lands, towit: N. E. N. E., section 28, S. E. S. E. section 21, N. W. S. E. section 21, and two acres in the S. W. N. E. section 21, located in the center of the south line of said 40, and that on said December 15, 1896, sold and conveyed to Maggie C. Campbell, except the timber thereon which was reserved by grantor, plaintiff herein, with privilege of cutting and removing same at any time within ten years from date, which privilege expired December 15, 1906.

"2. That said plaintiff purchased and became the owner of all of the timber on the following tract of land on February 17, 1896, towit: 8 acres on the south side of the N. E. S. W., section 21; all of S. E. S. W., section 21; S. W. S. E., section 21; N. W. N. E., section 21; and N. E. N. W., section 28.

"3. That said plaintiff purchased and became the owner of all of the pine and oak timber on the following tracts of land on February 24, 1896, towit: N. E. S. E., section 21, all of said lands being in Tp. 4, R. 12 W., situated in Grant County, Arkansas.

"4. That the source of the title to the timber in the plaintiff and the title to the lands in the defendants is common as to all except said N. E. S. E., section 21, as to which plaintiff has shown title in it.

"5. The court further finds that the deeds to the plaintiff for all of said timber were duly recorded in the recorder's office of this county before the purchase of the lands were made by the defendant, and before the purchase of the same by any of the intermediate grantors of said defendant, and that both said intermediate grantors and said defendants had knowledge, on account of the recording of said deed to plaintiff, of the plaintiff's title to said timber, and that the purchases of the defendant were all, therefore, made subject to the timber rights of said plaintiff.

"6. The court further finds that the right to cut and take away timber off of the lands set out in paragraph styled first in this decree expired on the said December 15, 1906, and that, while no time was specified in the deed to plaintiff for the timber on the other lands, taking into consideration the amount owned by plaintiff in that locality, its manner of cutting and removing same and the evident intentions of the grantors and grantees in the deeds to plaintiff for the other timber, as shown by the testimony in this cause, a reasonable time in which to cut and remove the timber off of the lands set out in paragraphs styled two and three in this decree would expire on December 15, 1906, being same time limited as to the other timber.

"7 The court further finds that the possession of the timber was not adverse to plaintiff's title and rights to the timber on said land.

"8. The court further finds that on September 26, 1906, the time of the granting of the injunction herein, and on September 29, 1906, the time of the issuance of summons and injunction by the clerk and at the time it was served on the defendants, plaintiff was entitled to the relief prayed for in its complaint.

"It is therefore considered, ordered, adjudged and decreed by the court that the plaintiff have and hold all timber that it has cut and removed from said lands, and that the temporary injunction heretofore granted be made perpetual against said defendants and in favor of said plaintiff as to same. It is further considered, ordered, adjudged and decreed that, as plaintiff's rights and title to any timber remaining on said lands on and since December 15, 1906, expired on that date, the tem-

porary injunction be dismissed as to that, and the title to the timber on said lands since that time be quieted in the defendants as against the plaintiff; and that the plaintiff have and recover of said defendants all of its costs herein expended and have execution therefor."

The defendants appealed.

The only contention of appellants here is that they held adverse possession of the lands in question and the timber growing thereon. The court found, and is sustained by the evidence, that the possession of the appellants was not adverse to appellee's title and right to the timber. Long before appellants acquired any title or claim to the land, appellee held and owned the timber under deeds properly filed and recorded. These deeds come within appellants' chain of title, and were notice of appellee's right to the timber. *Kendall* v. *J. I. Porter Lumber Co.,* 69 Ark. 442. If they held the land upon which the timber was growing, it is presumed, unless the contrary appears, that they held in subordination to appellee's right to the timber, such possession being consistent with the right to the timber. *Ringo* v. *Woodruff,* 43 Ark. 469. Mere possession is not sufficient to bar recovery. It must be adverse for seven consecutive years before the commencement of this suit. It was not shown to be adverse for the requisite time in this case.

Decree affirmed.