## HENDERSON v. CHESLEY et al.
## (No. 6311.)

(Court of Civil Appeals of Texas. Austin.
March 3, 1921. Rehearing Denied
March 30, 1921.)

**1. Mines and minerals ⏞50—Judgment held to sever surface and mineral estates.**

A judgment, decreeing plaintiff a half undivided interest in the minerals and the entire surface, and defendants' predecessor the remaining half undivided interest in the minerals, effected a severance of the surface and mineral estates, and the result was the same as if the judgment had awarded plaintiff all the surface and defendants' predecessor all the minerals and mineral rights.

**2. Mines and minerals ⏞49—Possession of surface not adverse possession of minerals.**

The mere possession of the surface of land does not constitute adverse possession of the minerals.

**3. Judgment ⏞853(3)—Judgment decreeing undivided interest in minerals held not to become dormant because no writ of possession was issued.**

A judgment, decreeing plaintiff a half undivided interest in the minerals and the surface estate, and the defendant's predecessor the remaining half undivided interest in the minerals, did not become dormant by reason of the fact that no writ of possession was ever issued, where the judgment did not award any writ of possession; none being required to confer title to the minerals.

**4. Mines and minerals ⏞49—Declaration of hostile claim to minerals did not change character of possession of surface.**

Mere declaration or statement of the surface owner's attorney, evidencing a hostile claim to minerals under the land, could not of itself have changed the character of the possession of the surface from a consistent to an adverse possession of the minerals, mere possession of the surface not being possession of the minerals at all; there having been a severance of the minerals.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by Upton Henderson against Margaret E. Chesley and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellees.

BRADY, J. This is an action by appellant against appellees, in their individual capacity and as independent executrices of the will and estate of A. Chesley, deceased. Appellant claimed a fee-simple title and also title under the 10-years statute of limitation, not only to the surface of the land in controver-sy, but to all the minerals in and under the same. Appellees disclaimed as to all of the land and minerals, except a one-half undivided interest in the minerals and mineral rights. They also filed special answers and defensive pleas, including a plea of res judicata, and cross-action to recover an undivided one-half interest in the minerals. The case was tried before a jury, and, at the conclusion of the testimony, the court gave a peremptory instruction for appellees.

The first point raised on this appeal is that the court erred in giving the peremptory instruction, because there was never any severance of the mineral estate from the surface estate of the land in suit, for that the evidence showed at least an undivided one-half of the mineral estate was at all times vested in the owner of the surface, and that appellant had acquired title by the 10-years statute of limitations through the adverse possession required by the statute.

In the recent cases of Wallace v. Hoyt, 225 S. W. 425, and Green v. Mining & Development Co., 225 S. W. 548, this court passed upon a similar question. In those cases we held that, after minerals under a tract of land have been severed from the surface by reservation in a deed conveying the tract, possession of the surface alone for the time required by the statute of limitation does not give title to the minerals by adverse possession. The reasons for this doctrine are fully given in the cases cited, and it is not deemed necessary to reiterate them.

[1] In the present case, the title to the minerals was determined in a judgment of the district court of Coleman county, rendered September 25, 1906, in which appellant was decreed a half undivided interest in the minerals, and A. Chesley, through whom appellees claim, was decreed the remaining half undivided interest. The effect of this judgment we think was the same as if such mineral right and interest was conveyed by deed from appellant to A. Chesley, or as if it had been reserved in a deed from Chesley to appellant. Therefore the only difference in the present case and the cases heretofore decided by us is that, in those cases, the severance of the minerals from the surface estate resulted in the title to the surface being wholly in one party, and the title to all the minerals in the other party; whereas, in the instant case, the judgment vested title in the appellant to all the surface and to an undivided half interest in the minerals, and awarded the remaining undivided interest in the minerals to A. Chesley. To our minds, this difference of fact is immaterial. The judgment effected a severance of the surface and mineral estates. The result, as to the question we are considering, is the same as if the judgment had awarded appellant

all the surface, and A. Chesley all the minerals and mineral, rights.

[2] The Supreme Court has recently denied writs of error in the cases mentioned. We adhere to the doctrine announced therein, and therefore overrule the contention that the mere possession of the surface constituted adverse possession of the minerals.

[3] Appellant also urges the proposition that since no writ of possession was ever issued upon the judgment through which appellees claim title, the judgment became dormant, and A. Chesley and those claiming under him never acquired possession nor any interest in the minerals or mineral rights. This judgment did not award any writ of possession, and we are of the opinion that none was required to confer title to the minerals. The judgment not having awarded any writ of possession, and it not appearing that it was such a case as required an execution or writ of possession, under our statutes, we think the contention inadmissible.

There is the further point that appellees claim to hold as tenants in common with appellant to defeat limitation, and that it was error for the trial court to exclude certain proffered testimony to the effect that appellant, through his attorney, had notified Mrs. Chesley, more than 10 years prior to the bringing of this suit, that he did not recognize any right or claim in her or in the heirs of A. Chesley to any of the minerals or mineral rights in the land.

[4] In Wallace v. Hoyt, supra, we cited numerous authorities, and quoted liberally therefrom to show that where the minerals have been severed from the surface possession of the latter does not constitute adverse possession. The underlying reason for this holding was there abundantly shown to be that the use of the surface for agricultural or grazing purposes, or other appropriate purposes, is not the assertion of a right inconsistent with the right of an owner of the minerals to mine under the surface for the purpose of extracting them. The testimony excluded by the court tended to show, at most, notice to appellees of the assertion of a hostile claim to the minerals, which was not accompanied by any acts denying appellees access to the surface, for the purpose of exploring for minerals. Indeed, it does not appear that appellees had any intention or reason for mining the premises; much less was it shown that appellees sought to exercise their mineral rights and were excluded therefrom by appellant. The testimony excluded could not have materially affected the case, because the mere declaration or statement of appellant's attorney, evidencing a hostile claim, could not of itself have changed the character of the possession of the surface from a consistent to an adverse possession. The severance of the minerals being granted, the authorities hold that mere possession of the surface is not only not adverse possession of the minerals, but is not possession as to them at all, in the absence of some acts to reduce the minerals to possession.

The presumption that possession of the surface carries with it possession of the minerals does not apply where the latter have been severed; each then becomes a distinct possession. Therefore a mere hostile assertion of right to the minerals cannot of itself suffice to constitute possession of them, much less an adverse possession. In the absence of some attempt by the occupant of the surface to reduce the minerals to possession, a mere assertion of hostile claim to the latter is not aided by possession of the surface. This we think logically follows from the reasoning upon which the rule is based, and we refer to the authorities collated in Wallace v. Hoyt upon this question.

We are further of the opinion that the failure or refusal of appellant to recognize appellees' rights in the minerals could not enlarge the rights of appellant, nor of itself enable him to assert title by limitation to the minerals. Apellees had no such title to the land as would have entitled them to oust the plaintiff from the possession of the surface, or to interfere with his use thereof, and it was not shown that appellees were seeking to obtain the minerals from under the land or to attempt to reduce them to possession, or that they were excluded therefrom by appellant.

All of the assignments have been carefully considered, and the questions are decided adversely to appellant. Believing that no reversible error has been shown, the judgment is affirmed.

Affirmed.