**PRINCE et al. v. FROST–JOHNSON LUMBER CO. et al.   (No. 856.)**

(Court of Civil Appeals of Texas. Beaumont. March 23, 1923. Rehearing Denied April 18, 1923.)

**1. Judgment ⬳651—Consent judgment in former action admissible in evidence.**

In trespass to try title of timber and to adjudicate plaintiffs' interest in land sufficient to support its growth until such time as plaintiffs should see fit to remove it, a former consent judgment between the assignors and privies of the parties, in which by agreement the title to the timber was severed from the land, was admissible, not only as a muniment of title, but also to show severance of the estate in the timber from estate in the land, and that by reason of severance, limitation would not apply as to the timber because of the possession of soil by defendants.

**2. Judgment ⬳91—No limitations as to time for removal of timber imported in consent judgment.**

In suit to try title and for possession of land and timber where a former agreed judgment contained no limitations as to the time within which the timber should be removed from the land, but decreed it to plaintiff without limitation except as to size, ownership in fee is vested in plaintiff, together with the right to the use of the soil for its sustenance and of entry on the land; and hence no limitation that the timber should be removed within a certain or reasonable time can be imported into the judgment.

**3. Property ⬳5—Consent judgment held to sever timber estate from surface estate.**

Where a consent judgment vested ownership in fee simple title to the timber in plaintiff, its effect was to sever the timber estate from the surface estate of the land.

**4. Adverse possession ⬳60(4) — Possession and use of land held insufficient to give notice of claim to timber.**

Where the effect of a consent judgment in trespass to try title of land and timber was to sever the timber from the surface estate of the land, occupancy of the land by the owners and claim thereto was not sufficient to give them ownership of the timber, and such possession and use of the land was not sufficient to give notice of claim to the timber.

**5. Judgment ⬳853(3) — Judgment not dormant because writ of possession not issued.**

Where by a consent decree the title to the timber was severed from the estate in land, the case not being such as required an execution of writ of possession under the statutes, the failure to cause a writ of possession to be issued within one year did not render the judgment dormant, and hence not effective to convey title to the timber.

**6. Appeal and error ⬳1151(2)—Error in submitting issue as to market value of standing timber held not to affect other portions of judgment.**

In trespass to try title of standing timber and for the value of certain timber alleged to have been taken from the land by defendants, where the petition did not warrant submission of the issue as to the market stumpage value, error in the jury's answer to such issue and judgment therefor, not being material to other portions of the judgment and not necessary thereto, will be cured by elimination of such item.

**7. Judgment ⬳91—Consent judgment awarding timber of specified dimension held to refer to size at time of cutting.**

Consent decree, which provided that plaintiffs' assignor have and recover pine timber now standing and growing on the land measuring 10 inches and upwards at the stump at the time of cutting, *held* to award timber to plaintiffs at time of the cutting, and not at the time of rendition of judgment.

**8. Judgment ⬳91 — "Consent judgment" a mere contract.**

Consent judgments are, in effect, merely contracts acknowledged in open court and ordered to be recorded, but as such they bind the parties as fully as do other judgments.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Consent Judgment.]

**9. Judgment ⬳526—Where judgment ambiguous, reference may be had to the pleadings.**

Where a judgment is ambiguous in its terms, so much so as to not clearly express the exact determination of the court, reference may then be had to the pleadings and other proceedings leading up to it, and if its obscurity is dissipated and its intended significance made apparent, then it will be upheld and carried into effect in the same manner as though its meaning and intent were clear and manifest.

**10. Judgment ⬳91—Consent judgments susceptible of two constructions construed to give effect to agreement.**

Where a judgment rests on agreement and may be subject to two constructions, one of which will support the agreement and the other will not, that construction which will support and carry out the agreement and intention of the parties should be given.

**11. Contracts ⬳162 — Expression of first clause controls where clauses repugnant.**

In construing agreements, if there are apparently repugnant clauses by reason of which the meaning is obscured or rendered doubtful, the expression in the clause first appearing will control.

Appeal from District Court, Shelby County; V. E. Middlebrook, Special Judge.

Trespass to try title by Frost-Johnson Lumber Company and another against S. M. Prince and others. Judgment for plaintiffs,

and defendants appeal. Reformed and affirmed.

D. M. Short & Sons, of Center, for appellants.

Davis & Davis, of Center, and John G. Logue, of Houston, for appellees.

O'QUINN, J. The following statement of the nature and result of the suit, which appellees admit to be correct, is taken from the brief of appellants:

"Statement of Nature and Result of Suit.

"This suit involves the title and possession of the pine timber of a certain dimension grown upon 146.6 acres of the Charles G. Bruce survey, situated in Shelby county, Texas. It was instituted by the appellee Frost-Johnson Lumber Company and the Southwestern Lumber Company of New Jersey, two corporations, October 1, 1921. It also incidentally involved the value of a certain portion of said timber, alleged to have been taken from the land by the appellants S. M. Prince and W. L. Chaney. The petition was in the general form of trespass to try title, and it sought to have adjudicated in appellants' favor an interest in the land and sold sufficient for the support, sustenance, and growth of the timber until such time as appellees should see fit to remove it, together with rights of ingress and egress.

"The appellants Wilkerson are the wife and children, respectively, of Monroe Wilkerson, deceased; while the appellants Prince and Chaney are the vendees of the timber under a contract to remove it made with the wife of Monroe Wilkerson, after his death. All of the Wilkersons, except the wife, are minors, who were represented by H. B. Short as guardian ad litem. The pleadings of the appellants consisted of a general denial, plea of not guilty, the three, four, five and ten years statutes of limitation; and a special answer to the effect that appellees claimed the timber under a certain judgment rendered in the District Court of Shelby county on the 1st day of February, 1909, which became dormant on the 1st day of February, 1910, and that appellants Wilkerson, together with Monroe Wilkerson, deceased, who was the defendant in the judgment, against whom the judgment was rendered, had acquired the title of the timber under the ten years statute of limitation, after the judgment had become dormant.

"The case was tried to a jury and was submitted upon special issues, the answer to which involved the amount of timber, and its value, which had been removed from the land by appellant Prince, the court finding as a matter of law under the testimony the appellees were entitled to recover the timber remaining on the land, with an interest in that sold sufficient to maintain the timber until they saw fit to remove it, as well as the value of the timber which had been removed, for all of which judgment was accordingly entered,"

to which judgment appellants excepted, and from which they have appealed.

Appellants admit that appellees own the record title to the timber. In 1908 J. R. Davenport was the owner of the record title to the land and timber. The record discloses that he, as plaintiff, brought suit in the district court of Shelby county against Monroe Wilkerson and his wife, Matilda Wilkerson, for the title and possession of said land and timber. They compromised their suit, and the following judgment by agreement was entered:

"No. 2251. J. R. Davenport v. Monroe Wilkerson et al.

"In the District Court of Shelby Co., Feb. Term, A. D. 1909.

"On this the first day of February A. D. 1909, at a regular term of this court come the party plaintiff by his attorney of record, J. L. King, and the defendants, Monroe Wilkerson and Matilda Wilkerson, his wife, by their attorney of record, J. S. Stephenson, and enter into the following agreed judgment, to wit: That the said Monroe Wilkerson and his wife recover and have judgment for the land and premises hereinafter described, and that the plaintiff, J. R. Davenport, do have and recover of the defendants, Monroe Wilkerson and Matilda Wilkerson, all pine timber now standing and growing upon said land and premises measuring ten inches and upward at the curf or stump at the time of cutting, and that the defendants have their writ of possession and restriction, and all other process necessary to the enforcement of this judgment, and that said defendants recover their costs in this behalf, and that this cause be dismissed as to E. W. Victory and V. T. Victory, defendants. It is therefore considered, ordered, adjudged, and decreed by the court that the defendants, Monroe Wilkerson and Matilda Wilkerson, recover of and from the plaintiff, J. R. Davenport, the land and premises (less the pine timber now standing and growing thereon measuring ten inches and upward) described as follows, to wit: [Here follows field notes], to the place of beginning, containing about 146.6 acres of land; for which the defendants may have their writ of possession, and that they recover their costs, but the defendants are not to cut any timber of any kind until after plaintiff has cut the timber recorded [recovered] herein. And it is further ordered by the court that this cause of action be dismissed as to the defendants, E. W. Victory and V. T. Victory. And it is further ordered and adjudged and decreed by the court, that the plaintiff, J. R. Davenport, recover of and from the defendants, Monroe Wilkerson and his wife, Matilda Wilkerson, all pine timber now standing and growing upon the above described land and premises, measuring ten inches at the curf and upwards, and that the said plaintiff have all necessary process for the enforcement of this judgment against the said Monroe Wilkerson and Matilda Wilkerson.

"J. L. King,

"Attorney of record for plaintiff, J. R. Davenport.

"J. S. Stephenson,

"Attorney of record for defendants, Monroe Wilkerson and Matilda Wilkerson."

Wilkerson and his family continued to reside upon the land, and after said judgment, some time about the fall of 1921, Mrs.

Wilkerson, whose husband had died some five years before, contracted to sell the timber on said land to appellant Prince, and he began to cut and remove said timber, when appellees filed this suit October 1, 1921.

[1] Appellants' first proposition is that the court erred in admitting the agreed judgment, supra, in evidence. The proposition is overruled. The judgment is a valid, final, enforceable judgment, capable of construction. Cannon v. Hemphill, 7 Tex. 184. It was admissible not only as a muniment of title, but also to show the severance of the estate in the timber from the estate in the land, and that by reason of said severance limitation would not apply as to the timber by reason of the possession of the soil by appellants, Wilkerson.

[2] Appellants assert that under the agreed judgment appellees had only a reasonable time in which to remove the timber by virtue of the terms of the judgment, and that 10 years was a reasonable time, and that if during these 10 years appellants Wilkerson occupied the land under a claim of ownership, of which appellees had notice, either actual or constructive, then appellants Wilkerson were entitled to judgment. In other words, that under the judgment appellees were entitled only to a reasonable time in which to remove the timber, and that 10 years was a reasonable time, and that if appellants Wilkerson during the 10 years occupied the land, claiming same, and the appellees failed to remove the timber, then limitation would run in favor of appellants, and they would be entitled to judgment for the timber.

It is without dispute that under said judgment appellees took the title to the timber, and appellants Wilkerson the title to the land. If the judgment vested ownership in fee simple title to the timber in appellees, then appellants' proposition should be overruled. The judgment contained no limitation as to the time within which the timber should be removed from the land. It simply decreed the timber to Davenport, without limitation except as to size. That being true, ownership in fee simple of the title was thereby vested in Davenport, together with the right to the use of the soil for its sustenance and of entry upon the land for its enjoyment, and consequently no such limitation as that the timber should be removed within a certain time, or within a reasonable time, can be imported into the judgment. Lodwick Lbr. Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803; Houston Oil Co. v. Hamilton, 109 Tex. 270, 206 S. W. 817; Chapman v. Dearman, 111 Tex. 132, 229 S. W. 1112.

[3] Appellants, however, insist that they should have judgment because they have, ever since said agreed judgment was rendered, occupied the land, owning and claiming the same for a period of more than 10 years, and that under the ten years' statute of limitation they were entitled to judgment. The effect of said judgment was to sever the estate; that is, it operated to sever the timber estate from the surface estate of the land. The said judgment vested the estate in the land in the Wilkersons and the estate in the timber in Davenport. Henderson v. Chesley (Tex. Civ. App.) 229 S. W. 573 (writ denied); Wallace v. Hoyt (Tex. Civ. App.) 225 S. W. 425 (writ denied); Green v. Mining Co. (Tex. Civ. App.) 225 S. W. 548 (writ denied). It is well settled that if minerals under a tract of land or timber growing upon the surface of same have been severed from the surface by a deed of conveyance, or by a judgment, possession of the surface alone for the time required by the statute of limitations does not give title to the minerals or timber by adverse possession. Wallace v. Hoyt (Tex. Civ. App.) 225 S. W. 425 (and authorities there cited); Green v. Mining Co. (Tex. Civ. App.) 225 S. W. 548; Henderson v. Chesley (Tex. Civ. App.) 229 S. W. 573.

In Green v. Mining Co., supra, it is said:

"The plaintiffs claim title to all the minerals in each of the surveys, under the 10-year statute of limitation. They and those under whom they claim had been in possession of the surface of the lands, under such circumstances as would have given them title, if their possession was adverse to defendant. A vendor's possession, in the absence of circumstances showing the contrary, is adverse to his vendee. Such, however, is not the case where the vendor remaining in possession has sold the mineral in the land but not the surface. 1 Cyc. 994. The continued possession of the surface by the vendor in such case, except so much thereof as the vendee may want to use for mining purposes, is contemplated in such transaction. The vendee of the mineral has no right to object to such continued possession of the surface by the vendor; consequently he is not required to bring suit to establish his right to the mineral, until the vendor has done some act showing that he has repudiated the title to the mineral conveyed by his deed to his vendee, such, for instance, as beginning mining operations thereon for his own benefit. The failure of the owner of the mineral to begin mining operations, or to continue such operations, if not required so to do by the terms of his contract, would be no indication that the continued possession of the surface by his grantor was a repudiation of the grantee's title to the mineral. *After the estate in the mineral has been severed by grant, possession of the surface by the grantor is not possession of the mineral, and is therefore not adverse to the owner of the mineral.*" (Italics ours.) (Citing many authorities.)

The only difference in the main facts of the cases cited, supra, and the instant case is that in the cited cases the matter involved was minerals under the ground, and in the instant case it is timber growing upon the surface of the ground. They are not to be distinguished in principle, and are, there-

fore, controlling on the question of limitation. In the instant case the judgment gave appellants Wilkerson, who were then residing on the land, the title to the land, and hence the right to continue in its possession, but it gave to Davenport the title to the timber. He had no right to object to Wilkerson's continued possession of the surface, and, consequently, did not have to bring suit to establish his right to the timber, for that had already been determined in the suit in which the agreed judgment was rendered, adjudging the land to Wilkerson and the timber to Davenport, but when those in possession, appellants Wilkerson herein, began to commit acts hostile to the owner of the timber, then its owners, appellees herein, promptly brought this suit to stop them. While the cases cited involved oil, coal, and other minerals, the same principles of law obtain as to the timber. 2 C. J. 147; Lumber Co. v. Thompson's Heirs, 108 Va. 612, 62 S. E. 358; Collins v. Lumber Co., 86 Ark. 202, 110 S. W. 806. Moreover, Mrs. Wilkerson did not testify that he had been claiming the timber. She testified:

"We have been claiming the land all of that time and have also been paying the taxes on it; I have got the tax receipts at home and can produce them if necessary. I have the tax receipts all the way down."

She further testified:

"We have been occupying it all the time; we have been on the place seventeen years."

[4] Her testimony does not show a claim to the timber, but it seems that her claim is based upon the occupancy and claim to the land upon which the timber was standing and growing. Such occupancy and claim was not sufficient to give the owner of the timber, which by the judgment had become in law a severed estate from the estate in the land, notice of an increased or extended claim—that she was not only claiming the land, but the timber also. McBurney v. Knox, 111 Tex. 510, 241 S. W. 1000; Smith v. Alexander, (Tex. Civ. App.) 242 S. W. 767. Appellants do not claim to have made any material or substantial change in the character of their possession or use of the land, since the agreed judgment and their possession and use of the land alone was not sufficient to give notice that they were claiming the timber.

[5] But appellants insist that as the judgment awarded Davenport all necessary process for the enforcement of the judgment against appellants Wilkerson, this recitation in the judgment contemplated the timber should be removed by appellees within the time under which a writ of possession could have legally issued, which is one year; that no such writ was ever issued; that if said judgment had not awarded a writ of possession it would not have been a final judgment, and as the judgment did award a writ of possession, the failure to cause same to issue within one year rendered the judgment dormant, and hence not effective to convey title; that the title under the judgment to the timber was an inchoate one, which needed to be ripened into completeness by the issuance and execution of a writ of possession; that the issuance of a writ of possession would have constituted a removal of the timber from the land; in other words, that a severance of the timber from the land was essential to the completeness of appellants' title to the timber and to the creation of two separate and distinct estates. Otherwise stated, appellants urge the proposition that since no writ of possession was ever issued upon the judgment through which appellees claim title, the judgment became dormant, and Davenport and those claiming under him never acquired possession of, nor any interest in, the timber. This is not such a case as required an execution or writ of possession under our statutes. The contention is without support in law and is overruled. Henderson v. Chesley (Tex. Civ. App.) 229 S. W. 573.

[6] Appellants complain that the court erred in submitting to the jury the following special issues:

"Special Issue No. 1: What amount of timber has been removed from the land by the defendant Prince?"

"Special Issue No. 2: What was the reasonable cash market value of the timber as it stood upon the land at the time of its removal?"

The main objection to said issues was that there was neither pleading nor proof to warrant the submission of same. The first special issue was proper, under both the pleadings of the plaintiff and the evidence offered to support same, but we think the objection to the second issue should be sustained.

Appellees in their petition charged the taking of 24,181 feet of timber by appellants, and alleged its value $15 per thousand feet in manufactured state, amounting to $362.71, for which they prayed judgment. There was no allegation as to the stumpage value. The witness Prince merely testified that he agreed to pay Mrs. Wilkerson $2.40 per thousand for the timber. That was not proof of its market stumpage value. The pleading, therefore, would not warrant the submission of the issue as to its stumpage value, and there was no proof either of its manufactured or stumpage value. So that the jury's answer to said issue and the judgment in favor of appellees as to same is error, but as the said finding and judgment thereon are not material to the other portions of the judgment, and were not necessary thereto, the same will not be held to effect a reversal of the judgment, but will be eliminated therefrom.

The appellants also complain that the court erred in refusing to give to the jury certain special charges requested. We have care-

fully considered said requested charges, and do not believe the court erred in refusing same, and therefore the proposition is overruled.

[7] Appellants lastly complain that the judgment rendered for appellees, awarding them recovery of all the pine timber standing and growing upon said land measuring 10 inches and upward in diameter at the stump at the time of cutting, was not warranted; specially insisting that the judgment introduced in evidence by appellees only awarded the pine timber standing and growing upon said land measuring 10 inches and upward at the stump at the time of the rendition of said judgment, and not at the time of cutting.

Whether appellants' contention is well taken depends upon the construction to be given to said judgment. The judgment, omitting immaterial parts, is:

"On this the first day of February, 1909, at a regular term of this court came the party plaintiff by his attorney of record, J. L. King, and the defendants, Monroe Wilkerson and Matilda Wilkerson, his wife, by their attorney of record, J. S. Stephenson, and enter into the following agreed judgment, to wit: That the said Monroe Wilkerson and his wife recover and have judgment for the land and premises hereinafter described, and that the plaintiff, J. R. Davenport, do have and recover of defendants, Monroe Wilkerson and Matilda Wilkerson, all pine timber now standing and growing upon said land and premises measuring ten inches and upward at the curf or stump at the time of cutting. * *. * It is therefore considered, ordered, adjudged and decreed by the court that the defendants, Monroe Wilkerson and Matilda Wilkerson, recover of and from the plaintiff, J. R. Davenport, the land and premises (less the pine timber now standing and growing thereon measuring ten inches and upward) described as follows, to wit: * * * To the place of beginning, containing about 146.6 acres of land, for which the defendants may have their writ of possession, and that they recover their costs, but the defendants are not to cut any timber of any kind until after plaintiff has cut the timber recorded herein. * * * And it is further ordered and adjudged and decreed by the court, that the plaintiff, J. R. Davenport, recover of and from the defendants, Monroe Wilkerson and his wife, Matilda Wilkerson, all pine timber now standing and growing upon the above described land and premises, measuring ten inches at the curf and upwards, and that the said plaintiff have all necessary process for the enforcement of this judgment against the said Monroe Wilkerson and Matilda Wilkerson."

The proper construction of the above judgment has been the puzzling question in this case. If only what is commonly called the "decreeing" part of the judgment is to be construed, then appellants are correct in their contention as to what timber passed to Davenport by the judgment, but if the instrument prepared by the parties, agreed to and signed by them and delivered to the court as the agreed judgment in the case, and by him accepted and ordered entered as the judgment of the court, is to be considered as a whole as constituting the judgment, then the instant judgment as to the timber awarded to appellees is correct. After a painstaking investigation of the question, we have concluded that the instrument must be considered as a whole in arriving at the rights granted and the relief given to the parties by said judgment. The parties plaintiff and defendant, together with their attorneys, made and prepared the instrument setting forth their agreement to settle the controversy between them, and therein set forth what should be done. They solemnly declared in open court that they did "enter into the following agreed judgment, to wit," and then stated its terms. The instrument was signed by them, approved by the court, and entered in its entirety upon the minutes of the court as the judgment of the court. Therefore, in order to determine what the "agreed judgment" is, the instrument drawn by the parties and thus denominated must, we think, be considered as a whole—all its contents must be taken and construed together. Cannon v. Hemphill, 7 Tex. 184, 187–191; Day v. Johnson, 32 Tex. Civ. App. 107, 72 S. W. 426 (bottom second column, p. 428); 23 Cyc. 1101; Sharp v. Zeller, 114 La. 549, 38 South. 449. They say that the plaintiff in said suit, Davenport, "do have and recover of the defendants, Monroe Wilkerson and Matilda Wilkerson, all pine timber now standing and growing upon said land and premises measuring ten inches and upwards at the curf at the time of cutting." This was the agreement of the parties. They agreed to all set forth in the instrument as stating what each party should take, and asked the court to adopt same and enter it upon the record as the judgment of the court.

[8] Consent judgments are in effect merely contracts of the parties, acknowledged in open court and ordered to be recorded, but as such they bind the parties as fully as do other judgments. The court did not decide the matter upon a hearing on the merits; but it was a consent by the parties to a particular decision, the judgment being entered by consent and in accordance with the agreement, the court merely exercising an administrative function in recording what had been agreed to between the parties. The court adopted the agreement, because it was made by the parties. It was a voluntary settlement between them, which they chose to invest with the form of a judicial declaration.

[9] If it could be said that the judgment is ambiguous in its terms, so much so as to not clearly express the exact determination of the court, then the well-established rule of construction is that reference may be had to the pleadings and other proceedings in the case leading up to the judgment. If, with the light thus thrown upon the judgment, its ob-

scurity is dissipated and its intended significance made apparent, then the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were clear and manifest by its own terms. Black on Judgments, § 723. If that be done in this case, the inquiry should disclose that both parties were claiming the land and timber, and that by agreement it was settled that one should take the land and the other the timber, the only qualification being the limit placed upon the size of the timber, and in the agreement of settlement between the parties, it was stipulated that the timber was to be "ten inches and upwards in diameter at the stump at the time of cutting." This stipulation was carried into the written agreed judgment prepared and signed by the parties and made the judgment of the court, only in writing same, when the agreement as to the size of the timber was repeated in the latter part of the judgment, the words "at the time of cutting" were not repeated, but having been written into the agreement just above that, they must be held as understood in the portion below and to be a clear and binding term in the judgment. Furthermore, as agreed judgments are merely contracts between the parties, and at their request given the form of a judicial ascertainment, we think the same rule of construction appertaining to contracts should be applied to agreed judgments.

[10] Hence, where judgment rests on agreement, and the judgment may be subject to two constructions, one of which will support the agreement and the other will not, that construction which will support and carry out the agreement and evident intention of the parties should be given. The same parties make all the contract or agreement, and may be supposed to have had the same purpose and object in view in all of it, and if this purpose is more clear and certain in some parts than in others, those which are obscure may be illustrated by the light of others. Parsons on Contracts, vol. 2, pp. 657–759.

[11] Again, in construing agreements between parties, if there are apparent repugnant clauses by reason of which the meaning is obscured or rendered doubtful, the expression in the clause first appearing will control. Parsons on Contracts, vol. 2, pp. 669–670. There is no dispute but that the agreement of the parties was clearly expressed in the first part of the agreed judgment, where it recited that the plaintiff, Davenport, "do have and recover all pine timber measuring 10 inches and upwards at the stump at the time of cutting." Therefore, applying the rules of construction as above, we think the court, in the case at bar, correctly interpreted the agreed judgment, and that the judgment in the instant case is in consonance therewith.

In accordance with our holding above, we will here reform the judgment of the court below by striking therefrom the item of $43.-20 found by the jury as the stumpage value of the timber removed by defendants and, as thus reformed, the judgment is affirmed.

Reformed and affirmed.